LENCCO RACING CO., INC.,
Plaintiff–Appellant,

v.

James JOLLIFFE and Micro Belmont
Engineering, Defendants–
Appellees,

and

Arctco, Inc., Defendant–Appellee,

and

Black Magic Motorsports, Inc.,
Defendant–Appellee.

No. 00–1221, 00–1222, 00–1224.

United States Court of Appeals,
Federal Circuit.

March 26, 2001.

Before RADER, SCHALL, and DYK, Circuit Judges.

### DECISION

SCHALL, Circuit Judge.

Lencco Racing Co., Inc. ("Lencco") sued James Jolliffe, Micro Belmont Engineering, Arctco, Inc., and Black Magic Motorsports, Inc. (collectively, "Jolliffe") in the United States District Court for the Western District of Michigan alleging infringement of U.S. Patent No. 5,538,120 (the " '120 patent"). Lencco appeals from the district court's grant of summary judgment of patent invalidity in favor of Jolliffe. *Lencco Racing Co. v. Jolliffe*, No. 97–CV–138, –139 (W.D.Mich. Jan. 5, 2000) (opinion) (*"Lencco II "*). Since Lencco presented evidence that creates a genuine issue of material fact as to the obviousness of the asserted claims of the '120 patent, we *vacate* the district court's grant of summary judgment and *remand* for further proceedings.

### DISCUSSION

#### I.

Lencco is the assignee of the '120 patent; the patent is directed to an improved clutch mechanism for use in continuous variable transmissions, particularly transmissions in snowmobile drive systems. '120 patent, col. 1, II. 6–11. Figure 1 of the '120 patent is seen below.

FIG. 1

The patent describes a cam follower plate (21) that is mounted opposite a drive plate (14); the cam follower plate and the drive plate move toward and away from each other. *Id.,* col. 3, II. 14–27. An annular cam (12) is attached to the drive plate (14). *Id* ., col. 2, II. 48–51. The annular cam (12) has a set of teeth (15, 16, and 17) with cam surfaces (19) that extend through slots in the cam follower plate (21). *Id.,* col. 3, II. 4–13. Rollers (25, 26, and 27) are mounted to the cam follower plate (21) on axes (41). *Id.,* col. 3, II. 29–36. These axes are secured in grooves (42) in the cam follower plate (21). *Id.,* col. 3, II. 32–36. The rollers (25, 26, and 27) engage the cam surfaces (19) of the teeth (15, 16, and 17) and move up and down the cam surfaces (19). *Id.,* col. 2, II. 58–63.

## II.

Lencco sued Jolliffe alleging infringement of claims 1–4 and 6–12 of the '120 patent. Jolliffe moved for summary judgment, alleging that the claims of the '120 patent at issue were invalid. Jolliffe argued that the Berger cam follower plate (the "Berger plate") anticipated claims 1, 3, 4, 7, and 8, and that the Berger plate in combination with the Tillotson carburetor, a snowmobile carburetor, rendered claims 2, 6, and 9–12 obvious. In a scheduling order, the district court set a time for each party to designate witnesses. Lencco designated Dr. Isaac Avitan as an expert witness on validity nine months after the district court's deadline for designating witnesses in its opposition to Jolliffe's motion for summary judgment. Lencco also submitted an affidavit from Dr. Avitan, including an expert report, with its opposition. Jolliffe moved to strike Dr. Avitan as a witness and to exclude his affidavit due to Lencco's untimeliness. The district court granted Jolliffe's motion. The district court then granted Jolliffe's motion for summary judgment, find-

ing that the asserted claims of the '120 patent were invalid under 35 U.S.C. §§ 102 and 103.

Lencco appealed the district court's invalidity ruling to this court. We affirmed the district court's decision to strike Dr. Avitan's statements as untimely. *Lencco Racing Co. v. Jolliffe,* 215 F.3d 1341, 1999 WL 506857, *2 (Fed.Cir. June 29, 1999) (unpublished table decision) (*"Lencco I "*). We also affirmed the district court's holding that claims 1, 3, 4, 7, and 8 of the '120 patent were anticipated by the Berger plate because Lencco did not contest the court's ruling with respect to those claims. *Id.,* 1999 WL 506857 at *3, 215 F.3d 1341. However, we noted that claims 2 and 9–12 all contained a limitation requiring that the surface of the cam follower plate be "approximately coplanar" with the plane formed by the axes holding the three rollers. *Id.,* 1999 WL 506857 at *4. We also noted that the district court had failed to construe the term "approximately coplanar" and to consider whether the Berger plate met this limitation, since the Berger plate's surface lies 0.124 inches from the plane formed by the axes of the rollers, *id.* Thus, we vacated the district court's summary judgment ruling that claims 2 and 9–12 were obvious and remanded the case to the court for further proceedings with respect to those claims. *Id.* Finally, with respect to claim 6, we dismissed Lencco's only argument because it failed to present any evidence to rebut Jolliffe's evidence that someone skilled in the art would consider the Tillotson carburetor analogous art. *Id.,* 1999 WL 506857 at *4–5.

## III.

On remand, the district court directed the parties to submit supplemental briefs on (1) the construction of the claim term "approximately coplanar" in claims 2 and 9–12, (2) whether the Berger plate falls

within the correct construction of that term, and (3) "whether ... a person of ordinary skill in the art in the context of the other claim limitations would have found an approximately coplanar placement of the axes and the confronting surface to be obvious." Lencco, in its supplemental briefing to the court, referred to Dr. Avitan's earlier affidavit stating that it would not be obvious to modify the location of the roller axes in the Berger plate to be approximately coplanar with the surface of the plate. Jolliffe also submitted supplemental briefing that included a new affidavit from Olav Aaen and a new declaration from Herman Christopherson.

After this briefing, the district court considered Jolliffe's motion for summary judgment that claims 2 and 9–12 were obvious. The court granted Jolliffe's motion. *Lencco II,* slip op. at 10–11. The district court construed the phrase "approximately coplanar" to mean that the roller axes were to be in the same plane as the face (surface) of the cam follower plate "within a relatively small tolerance corresponding to the machine tolerances of a few thousandths or tens thousandth of an inch." *Id.* at 8–9. Under this definition, the court found that the Berger plate could not anticipate. *Id.* at 9. However, the court stated that Jolliffe had presented "unrebutted affidavits from two previously disclosed experts, Herman Christopherson and Olav Aaen" indicating that approximately coplanar placement of the axes was obvious in view of the Berger plate's structure. *Id.* at 10. The court did not mention the statements of Dr. Avitan to which Lencco referred in its supplemental brief. Based on the evidence Jolliffe had presented, the court concluded that "locating the axes of the roller in a plane 'approximately coplanar' with the plate surface is an obvious matter of design choice to one of ordinary skill in the art and thus claims 2 and

9–12 are invalid pursuant to § 103." *Id.* at 10–11.

## IV.

Summary judgment may be entered when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is initially upon the movant to establish the absence of genuine issues of material fact and entitlement to judgment as a matter of law. *See Celotex,* 477 U.S. at 323–324, 106 S.Ct. 2548. Once the movant has established a prima facie case for summary judgment, the nonmovant must come forward with specific facts demonstrating that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We must, as the district court was required to do, draw all reasonable factual inferences in favor of the nonmovant. *See id.* at 255, 106 S.Ct. 2505. Our review of the district court's grant of summary judgment is without deference. *See Conroy v. Reebok Int'l, Ltd.,* 14 F.3d 1570, 1575, 29 USPQ2d 1373, 1377 (Fed.Cir.1994).

To establish invalidity under 35 U.S.C. § 103, underlying factual determinations must be made before the legal conclusion on obviousness can be reached. *Apple Computer, Inc. v. Articulate Sys. ., Inc.,* 234 F.3d 14, 26, 57 USPQ2d 1057, 1066 (Fed.Cir.2000). The underlying factual determinations include "(1) the scope and content of the prior art; (2) the differences between the claimed invention and the prior art; (3) the level of ordinary skill in the art; and (4) objective evidence of non-obviousness, such as commercial success, long-felt but unsolved need, failure of others, copying, and unexpected results." *Id.* (citing *Graham v. John Deere Co.,* 383

U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966)). To establish a prima facie case of obviousness, there must be a showing of a teaching in the prior art that would lead one of ordinary skill to combine the relevant teachings of the prior art references. *Tec Air, Inc. v. Denso Mfg. Mich. Inc.,* 192 F.3d 1353, 1359–60, 52 USPQ2d 1294, 1298 (Fed.Cir.1999). Objective evidence of non-obviousness may be used by a patentee "to rebut a prima facie case of obviousness based on prior art references." *WMS Gaming, Inc. v. Int'l Game Tech.,* 184 F.3d 1339, 1359, 51 USPQ2d 1385, 1400 (Fed. Cir.1999). In reviewing the district court's summary judgment of obviousness, we are mindful of the statutory presumption of validity under 35 U.S.C. § 282, as well as the moving party's burden of showing invalidity by clear and convincing evidence, *Monarch Knitting Machinery Corp. v. Sulzer Morat GmbH,* 139 F.3d 877, 881, 45 USPQ2d 1977, 1981 (Fed.Cir.1998).

## V.

Lencco does not contest that Mr. Aaen's affidavit and Mr. Christopherson's declaration establish a prima facie case of obviousness for claims 2 and 9–12 of the '120 patent. Lencco also does not contest the district court's claim construction of the phrase "approximately coplanar."[1] Lencco argues, instead, that the district court improperly refused to consider Dr. Avitan's affidavit, which Lencco submitted in response to Jolliffe's earlier summary judgment motion.[2] Lencco asserts that Dr. Avitan's affidavit creates a genuine issue of material fact as to whether it would have been obvious to modify the location of the roller axes on the Berger plate to be coplanar with the plate's surface.[3]

◼ We agree with Lencco that, regardless of what happened in the earlier summary judgment proceedings in the district court before our decision in *Lencco I,* on remand it was entitled to reassert Dr. Avitan's affidavit or present any other appropriate material in its supplemental briefing. Jolliffe presented new evidence with its supplemental briefing that included Mr. Aaen's declaration and Mr. Christopherson's affidavit, both of which were not presented to the district court in Jolliffe's initial motion for summary judgment. The district court's earlier exclusion of Dr. Avitan and this court's affirmance of that exclusion have no bearing on whether the district court could hear from Dr. Avitan upon remand. The district court considered, after *Lencco I,* an issue it failed to consider in its first opinion on summary judgment—whether it was obvious to modify the Berger plate to meet the '120 patent's "approximately coplanar" limitation. Therefore, the question we must decide is whether Lencco presented, or referred, to evidence in its supplemental brief to rebut an issue not presented by Jolliffe's summary judgment motion.

---

1. Lencco contends, however, that the district court should have considered expert testimony on the issue of claim construction. We see no need for the district court to have taken such testimony.

2. Lencco additionally argues that the district court erred in not assessing the credibility of Terence Linn, an attorney of Jolliffe who drafted an opinion indicating that the '120 patent was invalid. The district court properly refused to consider Mr. Linn's opinion and credibility because the opinion's only relevance was to the issue of willful infringement,

3. Lencco also asserts that the court erred in refusing to revisit Lencco's request to retransfer the venue of the case from the Western District of Michigan back to the Western District of New York. We see no merit in Lencco's argument considering it did not to make a motion to transfer the case back to New York and failed to show error in the initial transfer order to Michigan.

Jolliffe's prima facie case of obviousness and create a genuine issue of material fact.

In its supplemental brief to the district court, Lencco referred to Dr. Avitan's earlier affidavit. Lencco specifically discussed statements made by Dr. Avitan regarding whether the Berger plate either anticipated or rendered obvious the '120 patent. These statements by Dr. Avitan, in the earlier affidavit, indicated that the "approximately coplanar" limitation in claims 2 and 9–12 defines the "principal novelty of the '120 patent." Dr. Avitan indicated that this "principal novelty" is the specific location of the rollers on the cam follower plate. He noted that the rollers are positioned so that they contact the drive plate's cam surfaces at the same relative height as the earlier, prior art cam follower plates that used fixed plastic buttons instead of rollers to contact the cam surfaces. He stated that the invention's ability to maintain the same line-of-contact with the cam surfaces reduced the cost of replacing older cam follower plates with plates having rollers. Dr. Avitan went on to discuss the prior art. He stated that the Berger plate failed to locate its rollers in the same location on the cam follower plate, as claimed in the '120 patent. Dr. Avitan additionally indicated that it would not be obvious to locate the rollers on the cam follower plate at the same relative height as the prior art's fixed plastic buttons. He cited, as evidence of the nonobviousness of the '120 patent's invention, the absence of anyone else implementing such an improvement on the prior art.

■ Jolliffe asserts that Dr. Avitan's report is insufficient because it is conclusory and irrelevant, and it argues that Dr. Avitan's report fails to address the level of skill in the art and does not address the scope and content of the prior art that the district court relied on in reaching its conclusion of obviousness. Dr. Avitan, howev-

er, was one skilled in the art. He explained why he believed that it would not have been obvious to modify the location of the rollers on the Berger plate, the main piece of prior art considered by the district court and Jolliffe's experts. Dr. Avitan identified the significance of the "approximately coplanar" limitation to the location of the rollers on the cam follower plate and stated that it would not have been obvious to modify the Berger plate's roller location to meet this limitation. Dr. Avitan stated: "[T]he [Berger plate] ... fails to maintain a line-of-contact relative to the Cam Plate teeth, at approximately the SAME RELATIVE HEIGHT to predecessor OEM Clutch Bracket's fixed plastic button-type followers." He opined that "structurally, and certainly functionally, the [Berger Plate] is significantly more similar to the prior art disclosed by the applicant [for the '120 patent] than it is to the device defined by the claims of the '120 patent." The Berger plate was manufactured in the early 1980's. Dr. Avitan observed, however, that there was no suggestion in the prior art cited during the prosecution of the '120 patent to modify the location of a cam follower plate's rollers in relation to the plate's surface. Jolliffe is correct that, in reaching his conclusions, Dr. Avitan did not address the level of skill in the art. However, Jolliffe fails to demonstrate why a difference in the level of the skill in the art would change Dr. Avitan's conclusion of non-obviousness. Dr. Avitan's affidavit and report, viewed through the lens that is required on summary judgment, with all reasonable factual inferences being drawn in favor of Lencco, and bearing in mind that Jolliffe must establish obviousness by clear and convincing evidence, establishes a genuine issue of fact as to whether there would have been a motivation to modify the location of the roller axes in the Berger device, so as to render claims 2 and 9–12 of the '120 patent obvious.

For the foregoing reasons, we vacate the district court's grant of summary judgment of invalidity and remand the case for further proceedings.

We do not find that the sanctions requested by Jolliffe under Fed. R.App. P. 38 are justified in this case, and we therefore deny the motion for sanctions.

Each party shall bear its own costs.